IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RAYMOND WALLACE                                                                                         PLAINTIFF

vs.                                             CIVIL NO. 05-6060

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                              DEFENDANT

## MEMORANDUM OPINION

Raymond Wallace (hereinafter "plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration terminating his disability insurance benefits (hereinafter "DIB").

## Background:

The application for DIB now before this court was filed on September 9, 1997, alleging a disability due to a left leg fracture. (Tr. 50-51, 93-96). Plaintiff was found to be disabled and entitled to DIB with an onset of disability as of October 7, 1996. (Tr. 15). However, pursuant to a continuing disability review of plaintiff's case, plaintiff's condition was found to have improved, and benefits were terminated as of May 1, 2000. (Tr. 15). Plaintiff filed a reconsideration request, and appeared before a hearing officer on August 21, 2000. (Tr. 66-79). On August 23, 2000, the hearing officer entered a decision affirming the cessation of benefits. Pursuant to plaintiff's further request, an administrative hearing was scheduled for September 12, 2001. (Tr. 31-34, 56-58). However, plaintiff failed to appear for the hearing, and on September 27, 2001, the Administrative Law Judge ("ALJ"), dismissed his request for a hearing. Plaintiff then requested review of the ALJ's dismissal

order, and the Appeals Council remanded the case to the ALJ on March 22, 2002. (Tr. 84-86). An administrative hearing was held on October 31, 2002. (Tr. 252-266). Plaintiff was present, but was not represented by council.

At the time of the hearing, on October 31, 2002, plaintiff was forty-seven years old and possessed a high school education. (Tr. 256). His past relevant work ("PRW"), included employment as an electrician and an electrician's assistant. (Tr. 102).

On February 24, 2003, the ALJ issued a written decision finding that plaintiff's condition had substantially improved as of May 1, 2001, and that he was currently capable of performing light work requiring him to stand and walk no more than two hours during an eight-hour workday with no more than occasional climbing, crouching, or crawling. (Tr. 18).

On June 28, 2005, the Appeals Council declined to review this decision. (Tr. 5-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs. (Doc. # 11-13). Plaintiff has also filed a motion to supplement the record with additional medical evidence consisting of medical records from the Veteran's Administration dated between 2002 and 2003. (Doc. # 8, 9). The case is now ready for decision.

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevent him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental

3

impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to properly consider plaintiff's residual functional capacity ("RFC"). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace."

4

*Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). The ALJ is "required to set forth specifically a claimant's limitations and to determine how those limitations affect [his or] her RFC." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, plaintiff was awarded benefits due to the non-union of a fracture in his left leg. (Tr. 72, 186, 192). An orthopaedic examination in April 2000, revealed a mild bony deformity of the distal lower left leg with mild tenderness to palpation. (Tr. 210-212). Examination of the left knee showed mild ligamentous laxity with varus stress of the knee. There was a zero degree of extension noted in each knee, and plaintiff was noted to have some instability when attempting to walk on his heels. (Tr. 210).

X-rays of plaintiff's leg dated May 16, 2000, revealed a deformity of the distal left tibia consistent with a healed, deformed fracture. (Tr. 213). The major distal fracture fragment was offset laterally approximately fifty to seventy percent, and fused with the proximal fragment. Smooth bone formation abutted, but did not appear to be fused with the adjacent fibular diaphysis.[1] (Tr. 213). There was also a deformity of the healed proximal, fibular fracture. Further, the distal tibial fracture also suggested some mild shortening. (Tr. 213).

On July 2, 2002, x-rays of plaintiff's leg revealed old traumatic changes in the distal shaft of the left tibia and fibula. (Tr. 248). As such, plaintiff was diagnosed with degenerative joint disease. (Tr. 248).

---

[1] The diaphysis is the "elongated cylindrical portion (the shaft) of a long bone, between the ends or extremities (the epiphyses), which are usually articular and wider than the shaft." *See* DORLAND'S ILLUSTRATED MEDICAL DICTIONARY, p. 493 (29th ed. 2000).

5

On July 14, 2002, Dr. Shepard Fountaine, a non-examining, consultative physician, completed an RFC assessment based upon plaintiff's medical records, and concluded that plaintiff could perform light work, but could only occasionally balance; stoop; kneel; crouch; crawl; and, never climb ladders, ropes or scaffolds. (Tr. 223-224). Dr. Fountaine noted that plaintiff had a healed tibial and fibular fracture with some resulting shortening and deformity. (Tr. 229).

On October 16, 2002, x-rays of plaintiff's left ankle showed a healed fracture of the distal tibia, and minor arthritic changes in the tibial taylor joint. (Tr. 246). An x-ray of his left knee revealed hypertrophic spur formation of the distal femur on the medial aspect and an old, healed fracture of the proximal fibula. (Tr. 246).

While we note that the ALJ found plaintiff capable of only light work, requiring no more than two hours of standing and walking per day with only occasional crawling, crouching, and climbing, the ALJ failed to consider plaintiff's ability to stoop; kneel; balance; climb ladders, ropes, and scaffolds; and, operate foot controls. The ALJ is required to make explicit findings regarding the actual physical and mental demands of the claimant's past work. *See Lewis,* 353 F.3d at 646. The RFC should "identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis. *See* 20 C.F.R. § 404.1545(b); *see also* SSR 96-8p (1996). This ruling cautions that a failure to make the function-by-function assessment "could result in the adjudicator overlooking some of an individual's limitations or restrictions." *Id*. Given the nature of plaintiff's injury and the fact that the ALJ failed to make specific findings regarding his ability to climb ladders, ropes, and scaffolds; balance; kneel; stoop; and, use foot controls, activities

6

that would clearly be affected by his impairment, we believe that remand is necessary to allow the ALJ to reconsider plaintiff's exertional and non-exertional limitations. *Id*. On remand, the ALJ is directed to make specific findings regarding plaintiff's ability to perform any and all activities requiring the use of his left leg and/or foot.

As the plaintiff has filed a motion to submit additional medical evidence, both parties are reminded that, on remand, all pertinent medical evidence should be submitted to the ALJ for review.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). By so doing, we hereby deny plaintiff's motion to submit additional medical evidence.

DATED this 21st day of September 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)